

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00103-CV

_____

IN THE INTEREST OF A.A. AND L.A., CHILDREN

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 23-1633-467

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In this ultra-accelerated appeal,[1] Appellant A.J.A. (Father) appeals the trial court's order terminating his parent–child relationship with his children A.A. and L.A. (the Children).[2] The trial court found that the Department of Family and Protective Services had proved three conduct-based grounds for termination and that termination was in the Children's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (2). The trial court awarded permanent managing conservatorship of the Children to the Department. Father timely appealed.

### II. BACKGROUND

Father's appointed appellate counsel has filed a brief asserting that "Father's appeal is frivolous." *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *see also In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding that *Anders* procedures apply in parental-rights termination cases), *disp. on merits*, No. 2-01-349-CV, 2003 WL 2006583, at \*2–3 (Tex. App.—Fort Worth May 1, 2003, no pet.) (per curiam) (mem. op.). Counsel's brief meets the *Anders*

---

[1]*See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate courts to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2]The Children's parent–child relationship with their mother was also terminated, but no appeal was filed on the mother's behalf.

requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to advance on appeal.

We provided Father the opportunity to obtain a copy of the appellate record and to file a pro se response, but he did not do so. The Department has declined to file a responsive brief.

### III. DISCUSSION

When an *Anders* brief is filed, we must independently examine the appellate record to determine if any arguable grounds for appeal exist. *In re C.J.*, No. 02-18-00219-CV, 2018 WL 4496240, at *1 (Tex. App.—Fort Worth Sept. 20, 2018, no pet.) (mem. op.); *see Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the *Anders* brief itself and, if filed, any pro se response. *In re K.M.*, No. 02-18-00073-CV, 2018 WL 3288591, at *10 (Tex. App.—Fort Worth July 5, 2018, pet. denied) (mem. op.); *see In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed counsel's *Anders* brief and the appellate record. Having found no reversible error, we agree with counsel that this appeal is without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Therefore, we affirm the trial court's order terminating the parent–child relationship between Father and the Children.

Father's counsel did not file a motion to withdraw, and the record does not show good cause for withdrawal independent from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (order); *In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, Father's counsel remains appointed through proceedings in the Texas Supreme Court unless otherwise relieved. *See P.M.*, 520 S.W.3d at 27–28; *see also* Tex. Fam. Code Ann. § 107.016(2)(C).

## IV. CONCLUSION

We agree with counsel that Father's appeal is frivolous; thus, we affirm the trial court's termination order.

/s/ Dana Womack

Dana Womack
Justice

Delivered: June 13, 2024

4